# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. GADDY,<br><br>   Petitioner,<br><br>   v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>   Respondents. | Case No. 1:21-cv-01270-SKO<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF PROHIBITION AND/OR MANDAMUS |

Petitioner is a state prisoner proceeding *pro se*. On August 20, 2021, he filed a petition seeking a writ of prohibition and/or mandamus directed at the Kern County Superior Court, Superior Court Judge David Wolf, Superior Court Judge H.A. Staley, District Attorney William J. Schlaerth, Deputy District Attorney Kristina Funderbork, Deputy District Attorney Michael Morea, Deputy Public Defender El Khazaian, and Kevin Christensen. The petition is frivolous and fails to present a cognizable claim. Therefore, the Court will recommend the petition be DISMISSED WITH PREJUDICE.

**DISCUSSION**

A writ of prohibition may not be brought in a federal district court to prohibit actions by a state court. See, e.g., Londono-Rivera v. Virginia, 155 F.Supp.2d 551, 559 n. 1 (E.D.Va.2001) ("a federal district court cannot issue a writ to a state court"); Siler v. Storey, 587 F.Supp. 986,

987 (N.D.Tex.1984) ("[w]rits of prohibition traditionally have been used by *appellate* courts to exert their revisory powers over inferior courts, but it is not an appropriate remedy to control jurisdiction of other nonsubordinate courts.") (emphasis in original). To the extent that Petitioner is seeking a writ of prohibition directed at the Kern County Superior Court, such a writ would have to be filed in the California Court of Appeals.

Nor is there any basis for a writ of mandamus. The federal mandamus statutes provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. See Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986) (citations omitted). Mandamus relief is not available because Respondents are not officers, employees or agencies of the United States. Title 28 U.S.C. § 1651(a) does not invest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161–72 (9th Cir.1991); Robinson v. California Bd. of Prison Terms, 997 F.Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.1982).

**ORDER**

The Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that this action be DISMISSED

WITH PREJUDICE as frivolous and for failure to state a claim.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 25, 2021**                     /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE